Smith, J.
(dissenting). Contrary to the decision of the majority, I find no abuse of discretion by either the Family Court or the Appellate Division. Moreover, respondent’s effort to secure the attendance of witnesses to the alleged incident for which he has been charged is clearly within his rights. Accordingly, I dissent.
Respondent has been charged with juvenile delinquency in that on September 18, 1990, he entered a classroom at Brandéis High School in Manhattan, cursed a teacher and struck her. A subpoena duces tecum was issued by a Family Court Judge directing the assistant principal of the high school to produce "the names, addresses and telephone numbers of each student and non students who were in the classroom” when the alleged incident occurred. When the assistant principal did not comply, a motion was made to have her held in contempt. In response, she moved to quash the subpoena. Family Court granted the motion to quash in part. Specifi *1046 cally, Family Court gave the assistant principal the option of producing the persons whose names and addresses were requested rather than the names and other identifying information. In default of producing these persons, the other identifying information was to be supplied. It goes without saying that any production of the individuals could be accompanied by parents and/or counselors.
Respondent’s objective is to produce witnesses to the incident to testify in court. This right is protected by the Sixth and Fourteenth Amendments to the Constitution of the United States. Moreover, neither State nor Federal law prevents disclosure as urged by the assistant principal.
Education Law § 3212-a (1) provides:
"Each school shall maintain a record of the telephone number of each pupil enrolled in the school and each person in parental relation to such pupil including the residential and business telephone numbers of persons in parental relation to pupils unless such person or pupil chooses not to supply such numbers. The record of such telephone numbers shall, except as otherwise provided by law, be accessible solely for emergency purposes.”
The statute authorizes access to student telephone numbers in an emergency or as provided by law. As is indicated by its plain language, the purpose of the provision is to assure that lists of student telephone numbers are not released arbitrarily or for improper purposes. A judicial subpoena duces tecum, however, issued pursuant to statutory authority, qualifies under the "as otherwise provided by law” language. Thus, this statute does not bar the subpoena.
Nor does Federal law prohibit enforcement of the subpoena. The Family Educational Rights and Privacy Act provides:
"No [Federal] funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information * * * unless * * * such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the *1047 educational institution or agency” (20 USC § 1232g [b] [2] [B]).
This Act does not proscribe the issuance of a subpoena directing that student records be produced. Rather, the Act provides that a school is at risk of losing Federal funding if it complies with such a subpoena without giving advance notice to parents and students. That is a matter for the school, however, not the authority issuing the subpoena.*
Finally, the assistant principal argues that respondent made an insufficient showing to justify the subpoena and that he is misusing the court’s subpoena power to obtain discovery. These essentially fact-based determinations were resolved against the witness by the courts below and are reviewed here solely for abuse of discretion (see, People v Gissendanner, 48 NY2d 543, 550). In the circumstances presented, I conclude that the courts below did not abuse their discretion.
Accordingly, the order of the Appellate Division should be affirmed and the certified question answered in the affirmative.
Chief Judge Kaye and Judges Simons, Titone and Bellacosa concur in memorandum; Judge Smith dissents and votes to affirm in an opinion in which Judge Hancock, Jr., concurs.
Order reversed, etc.

 The Act broadly defines "education records” as materials that "contain information directly related to a student” (20 USC § 1232g [a] [4] [A] [i]). There is also a category of records called "directory information” which consists of, among other things, students’ names, addresses and telephone numbers (20 USC § 1232g [a] [5] [A]). A school may make directory information public if parents are given an opportunity to opt out (see, 20 USC § 1232g [a] [5] [B]). Although there is no evidence that the school complied with the procedure for publishing directory information, that would not affect the production of directory information — a subcategory of "education records” — pursuant to subpoena (see, 20 USC § 1232g [b] [2] [B]).